DAVID G. MANGUM  (4085)
C. KEVIN SPEIRS (5350)
KRISTINE EDDE JOHNSON (7190)
MICHAEL R. MCCARTHY (8850)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  841111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

BENJAMIN G. JACKSON (*pro hac vice*)
MATHEW GORDON (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT 84108
bjackson@myriad.com
mgordon@myriad.com
*Attorneys for Myriad Genetics, Inc.*

FISH & RICHARDSON P.C.
Jonathan E. Singer (*pro hac vice*)
60 South 6th Street, Suite 3200
Minneapolis, MN  55402
singer@fr.com

Elizabeth M. Flanagan (*pro hac vice*)
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
eflanagan@fr.com

Geoff D. Biegler (*pro hac vice*)
12390 El Camino Real
San Diego, CA  92130
biegler@fr.com
*Attorneys for Myriad Genetics, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNIVERSITY OF UTAH RESEARCH FOUNDATION, a Utah nonprofit corporation; the TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania nonprofit corporation; HSC RESEARCH AND DEVELOPMENT LIMITED PARTNERSHIP, a Canadian limited partnership organized under the laws of the Province of Ontario; ENDORECHERCHE, INC., a Canadian corporation organized under the laws of the Province of Quebec; and MYRIAD GENETICS, INC., a Delaware corporation;<br><br>        Plaintiffs,<br><br>vs.<br><br>QUEST DIAGNOSTICS, INC., a Delaware corporation; and QUEST DIAGNOSTICS NICHOLS INSTITUTE, a California corporation<br><br>        Defendants. | **FIRST AMENDED COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Case No.  2:13-cv-00967-BSJ<br><br><br>Judge  Bruce S. Jenkins |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiffs, University of Utah Research Foundation ("University of Utah"), The Trustees of the University of Pennsylvania ("University of Pennsylvania"), HSC Research and Development Limited Partnership ("Hospital for Sick Children"), Endorecherche, Inc. ("Endorecherche"), and Myriad Genetics, Inc. ("Myriad"), complain against Defendants Quest Diagnostics, Inc. and Quest Diagnostics Nichols Institute (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

2.      This civil action for patent infringement arises under the patent laws of the United States, specifically under Title 35 of the United States Code, Sections 271, *et seq*.  Subject matter jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over the Defendants because they regularly conduct business in this district and have committed acts in this judicial district which give rise to this action.  Defendant Quest Diagnostics, Inc. is registered to transact business in this district. On information and belief, Defendants sell, offer for sale, and have sold genetic testing products to residents of this jurisdiction. On information and belief, Defendants have business relationships and/or have collaborated with multiple business and/or research entities in this district to which they sell, offer for sale, have sold, and/or advertise their genetic testing products.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 28 U.S.C. § 1400(b).

## PARTIES

5.      The University of Utah is a Utah nonprofit corporation with an address at 421 Wakara Way, Suite 170, Salt Lake City, Utah 84108.  The University of Utah is the owner or co-owner

4819-7262-0566.4

of United States Patent Nos. 5,709,999; 5,747,282; 5,753,441; 5,837,492; 6,033,857; 5,693,473; and 5,710,001.

6.     The University of Pennsylvania is a Pennsylvania nonprofit corporation with an address of 3160 Chestnut Street, Suite 200, Philadelphia, Pennsylvania 19104-6283. The University of Pennsylvania is a co-owner of United States Patent Nos. 6,033,857 and 5,837,492.

7.     The Hospital for Sick Children is a Canadian limited partnership organized under the laws of the Province of Ontario, with an address of 555 University Avenue, Toronto, Ontario M5G 1X8, Canada.  The Hospital for Sick Children is a co-owner of United States Patent Nos. 6,033,857 and 5,837,492.

8.     Endorecherche is Canadian corporation organized under the laws of the Province of Quebec, with a place of business at 2989 De La Promenade, Ste-Foy, Quebec, QC G1W 2J5, Canada.  Endorecherche is a co-owner of United States Patent Nos. 6,033,857 and 5,837,492.

9.     Myriad is a Delaware corporation, with its principal place of business at 320 Wakara Way, Salt Lake City, Utah 84108.  Myriad owns United States Patent Nos. 5,654,155; 5,750,400; 6,051,379; 6,951,721; 7,250,497; 6,083,698, and 6,492,109.  Further, Myriad is the exclusive licensee of United States Patent Nos. 5,709,999; 5,747,282; 5,753,441; 5,837,492; 6,033,857; 5,693,473; and 5,710,001.

10.     The Plaintiffs are informed and believe, and on that basis allege, that Defendant Quest Diagnostics, Inc. is a Delaware corporation that has its principal place of business at 3 Giralda Farms, Madison, New Jersey 07940.

11.     The Plaintiffs are informed and believe, and on that basis allege, that Defendant Quest Diagnostics Nichols Institute is a California corporation that has its principal place of business at 33608 Ortega Highway, San Juan Capistrano, California 92690.

4819-7262-0566.4

## GENERAL ALLEGATIONS

12.     Myriad is a molecular diagnostic company that develops and uses proprietary technologies that permit doctors and patients to understand the genetic basis of human disease and the role that genes play in the onset, progression, and treatment of disease. Myriad's technologies result in, and guide the development of, new molecular diagnostic products that assess an individual's risk for developing disease, identify a patient's likely response to drug therapy, and assess a patient's risk of disease progression and recurrence.

13.     For healthcare providers, Myriad offers an array of genetic tests, prognostic tests and personalized medicine tests to help healthcare providers assess a patient's increased cancer risk, disease aggressiveness, and optimize efficacy of chemotherapy. Myriad's testing products provide healthcare providers with information to help make medical management decisions to reduce cancer risk and help make sure specific treatments are tailored for each individual patient.

14.     For patients, Myriad offers tests that provide important clinical information to assist patients and their healthcare providers in assessing cancer risk so the patient can take preventative action to reduce the risk of disease and in making treatment decisions if the patient is diagnosed with cancer.  Myriad improves patient care through the development of new products across multiple medical specialties.

15.     In the early-to-mid 1990s, Plaintiffs discovered the genetic sequences of the BRCA1 and BRCA2 genes and mutations that increase a woman's risk of developing breast and ovarian cancer.  Since that time, Myriad has invested over $500 million to implement this discovery and create a molecular diagnostic test for hereditary breast and ovarian cancer related to the BRCA1 and BRCA2 genes.  Plaintiffs' efforts have revolutionized patient care and provided medical diagnosis and treatment options never thought possible.

16.     Defendants offer laboratory services, including clinical diagnostic and genomic services, including testing and analysis of the BRCA1 and BRCA2 genes.

4

17.     On October 10, 2013, Defendants sued Myriad Genetics, Inc. (and no other parties) in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents are not infringed by Defendants and are invalid. The patents included in that suit are United States Patent Nos. 5,747,282; 5,693,473; 5,709,999; 5,710,001; 5,753,441; 5,837,492; 6,033,857; 7,250,497; 6,083,698; 5,750,400; 5,654,155; 6,951,721; 6,492,109; and 6,051,379.  In the Complaint filed in that suit, Defendants alleged that they "will soon commercially launch … a novel two-part assay to detect hereditary alterations in two human genes, BRCA1 and BRCA2" that Defendants referred to as "Quest's BRCA Assay." Defendants alleged that an actual controversy exists concerning whether Defendants' actions relating to Quest's BRCA Assay infringe those patents.

18.     After filing that lawsuit, and with knowledge of Plaintiffs' patents, Defendants publicly announced on October 15, 2013, that they were offering for sale testing relating to the BRCA1 and BRCA2 genes.  On information and belief, Defendants offer stand-alone tests comprising full gene sequencing and deletion/duplication analyses for the BRCA 1 and BRCA 2 genes.

19.     After Defendants sued Myriad, and after Myriad reviewed the public information available regarding Defendants' products related to testing for the BRCA1 and BRCA2 genes, Plaintiffs sued Defendants in this District on October 22, 2013, for infringement United States Patent Nos. 5,709,999; 5,747,282; 5,753,441; 5,837,492; 6,033,857; 6,051,379; 6,951,721; and 7,250,497.  Plaintiffs' October 22, 2013 Complaint did not assert infringement of United States Patent Nos. 5,654,155; 5,750,400; 6,083,698; 5,693,473; 5,710,001; or 6,492,109 because Plaintiffs had insufficient information regarding Defendants' products to ascertain whether any claims of those patents were necessarily implicated by Defendants' products.  *See* Complaint [Dkt.#2] at ¶ 19.

20.     Simultaneously with filing suit against Defendants, Plaintiffs sent Defendants a letter informing Defendants of Plaintiffs' Complaint, the patents included in it, and requesting that Defendants "provide information and documentation … regarding the processes, procedures, protocols, and instrumentation used by" Defendants in their products, "including, without limitation, Quest's BRCAvantageTM Comprehensive, BRCAvantageTM Ashkenazi Jewish Screen, BRCAvantageTM Single Site, BRCAvantageTM Rearrangements products, and any other tests that include testing or analysis of the BRCA1 or BRCA2 genes, from which [Plaintiffs] may determine whether [the other six patents included in Quest's California Declaratory Judgment Suit, but not included in Plaintiffs' Original Complaint] are in fact implicated and evaluate whether the Complaint in the Utah litigation should be amended." Defendants responded by letter on October 30, 2013, declining to provide any information regarding Defendants' products other than through formal discovery processes.

21.     Accordingly, Plaintiffs, through this First Amended Complaint, provisionally allege, on information and belief, that Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe United States Patent Nos. 5,654,155; 5,750,400; 6,083,698; 5,693,473; 5,710,001; and 6,492,109 by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of each of those patents literally and/or under the doctrine of equivalents.  As a result of Defendants' refusal to provide information regarding their products, their declaratory judgment suit against Myriad asserting non-infringement of those patents, and because Plaintiffs are presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in those patents, Plaintiffs resort to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that Defendants infringe one or more claims of each of those patents.

4819-7262-0566.4

**FIRST CLAIM FOR RELIEF**

(By the University of Utah and Myriad for Infringement of United States Patent No. 5,709,999)

22.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 21, inclusive.

23.     United States Patent No. 5,709,999 (the "'999 Patent"), was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.  The University of Utah is the owner and Myriad is the exclusive licensee of the '999 Patent.  A true and correct copy of the '999 Patent is attached hereto and incorporated herein by reference as Exhibit 1.

24.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '999 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, BRCAvantage™ Single Site, and BRCAvantage™ Rearrangements products that infringe at least the following claim of the '999 patent literally and/or under the doctrine of equivalents:  Claims 5, 6, 7, 10, 24, 25, 33, and/or 34.

25.     Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and will continue to suffer irreparable injury unless Defendants' acts are enjoined.

26.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah has suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

7

27.     Defendants have willfully infringed the '999 Patent.

28.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

(By the University of Utah and Myriad for Infringement of United States Patent No. 5,747,282)

29.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 28, inclusive.

30.     United States Patent No. 5,747,282 (the "'282 Patent") was duly and legally issued by the United States Patent and Trademark Office on May 5, 1998.  The University of Utah, along with the Public Health Service, through the National Institutes of Health ("PHS"), are the owners, and Myriad is the exclusive licensee, of the '282 Patent.  A true and correct copy of the '282 Patent is attached hereto and incorporated herein by reference as Exhibit 2.

31.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '282 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, and BRCAvantage™ Single Site products that infringe at least the following claims of the '282 patent literally and/or under the doctrine of equivalents:  Claims 6, 16, and/or 17.

32.     Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and will continue to suffer irreparable injury unless Defendants' acts are enjoined.

33.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah has suffered and will continue to suffer substantial

4819-7262-0566.4

damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

34.     Defendants have willfully infringed the '282 Patent.

35.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

<u>**THIRD CLAIM FOR RELIEF**</u>

(By the University of Utah and Myriad for Infringement of United States Patent No. 5,753,441)

36.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 35, inclusive.

37.     United States Patent No. 5,753,441 (the "'441 Patent") was duly and legally issued by the United States Patent and Trademark Office on May 19, 1998.  The University of Utah and PHS are the owners, and Myriad is the exclusive licensee, of the '441 Patent.  A true and correct copy of the '441 Patent is attached hereto and incorporated herein by reference as Exhibit 3.

38.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '441 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, BRCAvantage™ Single Site, and BRCAvantage™ Rearrangements products that infringe at least the following claims of the '441 patent literally and/or under the doctrine of equivalents:  Claims 7, 8, 9, 12, 22, 23, 24, and/or 26.

39.     Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and will continue to suffer irreparable injury unless Defendants' acts are enjoined.

4819-7262-0566.4

40.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.   The University of Utah has suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.   Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

41.     Defendants have willfully infringed the '441 Patent.

42.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF

(By the University of Utah, the University of Pennsylvania, the Hospital for Sick Children, Endorecherche, and Myriad for Infringement of United States Patent No. 5,837,492)

43.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 42, inclusive.

44.     United States Patent No. 5,837,492 (the "'492 Patent") was duly and legally issued by the United States Patent and Trademark Office on November 17, 1998.  The University of Utah, the University of Pennsylvania, the Hospital for Sick Children, and Endorecherche are the owners, and Myriad is the exclusive licensee, of the '492 Patent.  A true and correct copy of the '492 Patent is attached hereto and incorporated herein by reference as Exhibit 4.

45.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '492 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, and

10

BRCAvantage™ Single Site products that infringe at least the following claims of the '492 patent literally and/or under the doctrine of equivalents:  Claims 29 and/or 30.

46.     Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and will continue to suffer irreparable injury unless Defendants' acts are enjoined.

47.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah, the University of Pennsylvania, the Hospital for Sick Children, and Endorecherche have suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

48.     Defendants have willfully infringed the '492 Patent.

49.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## FIFTH CLAIM FOR RELIEF

(By the University of Utah, the University of Pennsylvania, the Hospital for Sick Children,
Endorecherche, and Myriad for Infringement of United States Patent No. 6,033,857)

50.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 49, inclusive.

51.     United States Patent No. 6,033,857 (the "'857 Patent") was duly and legally issued by the United States Patent and Trademark Office on March 7, 2000.  The University of Utah, the University of Pennsylvania, the Hospital for Sick Children, and Endorecherche are the owners,

11

and Myriad is the exclusive licensee, of the '857 Patent.  A true and correct copy of the '857 Patent is attached hereto and incorporated herein by reference as Exhibit 5.

52.    Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '857 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, BRCAvantage™ Single Site, and BRCAvantage™ Rearrangements products that infringe at least the following claim of the '857 patent literally and/or under the doctrine of equivalents:  Claim 4.

53.    Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and will continue to suffer irreparable injury unless Defendants' acts are enjoined.

54.    Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah, the University of Pennsylvania, the Hospital for Sick Children, and Endorecherche have suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

55.    Defendants have willfully infringed the '857 Patent.

56.    Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

4819-7262-0566.4

### SIXTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 6,051,379)

57.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 56, inclusive.

58.     United States Patent No. 6,051,379 (the "'379 Patent") was duly and legally issued by the United States Patent and Trademark Office on April 18, 2000.  Myriad is the owner of the '379 Patent.  A true and correct copy of the '379 Patent is attached hereto and incorporated herein by reference as Exhibit 6.

59.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '379 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Single Site, and BRCAvantage™ Rearrangements products that infringe at least the following claims of the '379 patent literally and/or under the doctrine of equivalents:  Claims 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16, 17, 19, 20, 32, 33, 40, and/or 42.

60.     Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

61.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

62.     Defendants have willfully infringed the '379 Patent.

4819-7262-0566.4

63.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## SEVENTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 6,951,721)

64.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 63, inclusive.

65.     United States Patent No. 6,951,721 (the "'721 Patent") was duly and legally issued by the United States Patent and Trademark Office on October 5, 2005.  Myriad is the owner of the '721 Patent.  A true and correct copy of the '721 Patent is attached hereto and incorporated herein by reference as Exhibit 7.

66.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '721 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Ashkenazi Jewish Screen, and BRCAvantage™ Single Site products that infringe at least the following claim of the '721 patent literally and/or under the doctrine of equivalents:  Claim 5.

67.     Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

68.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

69.     Defendants have willfully infringed the '721 Patent.

4819-7262-0566.4

70.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## EIGHTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 7,250,497)

71.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 70, inclusive.

72.     United States Patent No. 7,250,497 (the "'497 Patent") was duly and legally issued by the United States Patent and Trademark Office on July 31, 2007.  Myriad is the owner of the '497 Patent.  A true and correct copy of the '497 Patent is attached hereto and incorporated herein by reference as Exhibit 8.

73.     Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '497 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale and selling and/or causing to be offered or sold their BRCAvantage™ Comprehensive, BRCAvantage™ Single Site, and BRCAvantage™ Rearrangements products that infringe at least the following claims of the '497 patent literally and/or under the doctrine of equivalents:  Claims 3, 4, 5, 6, 7, 8, 11, 14, 17, and/or 19.

74.     Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

75.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

76.     Defendants have willfully infringed the '497 Patent.

77.     Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

### NINTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 5,654,155)

78.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 77, inclusive.

79.     United States Patent No. 5,654,155 (the "'155 Patent") was duly and legally issued by the United States Patent and Trademark Office on August 5, 1997.  Myriad is the owner of the '155 Patent.  A true and correct copy of the '155 Patent is attached hereto and incorporated herein by reference as Exhibit 9.

80.     On information and belief, Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '155 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of the '155 patent literally and/or under the doctrine of equivalents.  In the absence of information from Defendants concerning their products, Myriad is presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '155 patent.  For that reason, Myriad has sought from Defendants information that would assist Myriad in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '155 patent.  Defendants have refused to provide this information other than through formal judicial discovery processes. Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '155 patent, are not infringed by Defendants' products and are invalid. Accordingly, in the absence of such information and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Myriad resorts to the judicial process and aid of

16

discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that Defendants infringe one or more claims of the '155 patent.

81.     Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

82.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendant's acts.

83.     On information and belief, Defendants have willfully infringed the '155 Patent.

84.     On information and belief, Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## TENTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 5,750,400)

85.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 84, inclusive.

86.     United States Patent No. 5,750,400 (the "'400 Patent") was duly and legally issued by the United States Patent and Trademark Office on May 12, 1998.  Myriad is the owner of the '400 Patent.  A true and correct copy of the '400 Patent is attached hereto and incorporated herein by reference as Exhibit 10.

87.     On information and belief, Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '400 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold

17

products that infringe at least one claim of the '400 patent literally and/or under the doctrine of equivalents.  In the absence of information from Defendants concerning their products, Myriad is presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '400 patent.  For that reason, Myriad has sought from Defendants information that would assist Myriad in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '400 patent.  Defendants have refused to provide this information other than through formal judicial discovery processes. Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '400 patent, are not infringed by Defendants' products and are invalid. Accordingly, in the absence of such information and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Myriad resorts to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that Defendants infringe one or more claims of the '400 patent.

88.    Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

89.    Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendant's acts.

90.    On information and belief, Defendants have willfully infringed the '400 Patent.

91.    On information and belief, Defendants' acts make this an exceptional case within the

meaning of 35 U.S.C. § 285.

## ELEVENTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 6,083,698)

92.     Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 91, inclusive.

93.     United States Patent No. 6,083,698 (the "'698 Patent") was duly and legally issued by the United States Patent and Trademark Office on July 4, 2000.  Myriad is the owner of the '698 Patent.  A true and correct copy of the '698 Patent is attached hereto and incorporated herein by reference as Exhibit 11.

94.     On information and belief, Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '698 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of the '698 patent literally and/or under the doctrine of equivalents.  In the absence of information from Defendants concerning their tests, Myriad is presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '698 patent.  For that reason, Myriad has sought from Defendants information that would assist Myriad in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '698 patent.  Defendants have refused to provide this information other than through formal judicial discovery processes. Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '698 patent, are not infringed by Defendants' products and are invalid. Accordingly, in the absence of such information and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Myriad resorts to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to

confirm their belief and to present to the Court evidence that Defendants infringe one or more claims of the '698 patent.

95.     Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

96.     Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendant's acts.

97.     On information and belief, Defendants have willfully infringed the '698 Patent.

98.     On information and belief, Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## TWELFTH CLAIM FOR RELIEF

(By the University of Utah and Myriad for Infringement of United States Patent No. 5,693,473)

99.     Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 98, inclusive.

100.    United States Patent No. 5,693,473 (the "'473 Patent") was duly and legally issued by the United States Patent and Trademark Office on December 2, 1997.  The University of Utah is the owner, and Myriad is the exclusive licensee, of the '473 Patent.  A true and correct copy of the '473 Patent is attached hereto and incorporated herein by reference as Exhibit 12.

101.    On information and belief, Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '473 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of the '473 patent literally and/or under the doctrine of

4819-7262-0566.4

equivalents.  In the absence of information from Defendants concerning their tests, Plaintiffs are presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '473 patent.  For that reason, Plaintiffs have sought from Defendants information that would assist Plaintiffs in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '473 patent. Defendants have refused to provide this information other than through formal judicial discovery processes.  Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '473 patent, are not infringed by Defendants' products and are invalid. Accordingly, in the absence of such information provided by Defendants and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Plaintiffs resort to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendants infringe one or more claims of the '473 patent.

102.    Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and Plaintiffs will continue to suffer irreparable injury unless Defendants' acts are enjoined.

103.    Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah has suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

104.    On information and belief, Defendants have willfully infringed the '473 Patent.

105.    On information and belief, Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## THIRTEENTH CLAIM FOR RELIEF

(By the University of Utah and Myriad for Infringement of United States Patent No. 5,710,001)

106.    Plaintiffs repeat and reallege the allegations set forth in preceding paragraphs 1 through 105, inclusive.

107.    United States Patent No. 5,710,001 (the "'001 Patent") was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998.  The University of Utah and PHS are the owners, and Myriad is the exclusive licensee, of the '001 Patent.  A true and correct copy of the '001 Patent is attached hereto and incorporated herein by reference as Exhibit 13.

108.    On information and belief, Defendants are infringing, contributing to the infringement of, and/or inducing others to infringe the '001 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of the '001 patent literally and/or under the doctrine of equivalents.  In the absence of information from Defendants concerning their products, Plaintiffs are presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '001 patent.  For that reason, Plaintiffs have sought from Defendants information that would assist Plaintiffs in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '001 patent.  Defendants have refused to provide this information other than through formal judicial discovery processes.  Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '001 patent, are not infringed by Defendants' products and are invalid.  Accordingly, in the absence of such information provided by Defendants and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Plaintiffs

resort to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendants infringe one or more claims of the '001 patent.

109.    Plaintiffs have been damaged and have suffered irreparable injury due to Defendants' acts of infringement, and Plaintiffs will continue to suffer irreparable injury unless Defendants' acts are enjoined.

110.    Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein.  The University of Utah has suffered and will continue to suffer substantial damage in the form of reduced royalty payments by reason of Defendants' acts of patent infringement and the resulting reduction in Myriad's sales revenues.  Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

111.    On information and belief, Defendants have willfully infringed the '001 Patent.

112.    On information and belief, Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## FOURTEENTH CLAIM FOR RELIEF

(By Myriad for Infringement of United States Patent No. 6,492,109)

113.    Plaintiff Myriad repeats and realleges the allegations set forth in preceding paragraphs 1 through 112, inclusive.

114.    United States Patent No. 6,492,109 (the "'109 Patent") was duly and legally issued by the United States Patent and Trademark Office on December 10, 2002.  Myriad is the owner of the '109 Patent.  A true and correct copy of the '109 Patent is attached hereto and incorporated herein by reference as Exhibit 14.

115.    On information and belief, Defendants are infringing, contributing to the infringement

of, and/or inducing others to infringe the '109 patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale, selling, and/or causing to be offered or sold products that infringe at least one claim of the '109 patent literally and/or under the doctrine of equivalents.  In the absence of information from Defendants concerning their products, Myriad is presently not aware of any technique that can be used to definitively establish that Defendants' products practice the inventions claimed in the '109 patent.  For that reason, Myriad has sought from Defendants information that would assist Myriad in confirming whether Defendants' products fall within the lawful scope of one or more claims of the '109 patent.  Defendants have refused to provide this information other than through formal judicial discovery processes. Defendants have also sued Myriad in the U.S. District Court for the Central District of California, Case No. 8:13-cv-01587-AG-DFM, for a declaratory judgment that various patents, including the '109 patent, are not infringed by Defendants' products and are invalid. Accordingly, in the absence of such information provided by Defendants and as permitted by *Hoffman-LaRoche Inc. v. Invamed, Inc.*, 213 F.3d 1359 (Fed. Cir. 2000), Myriad resorts to the judicial process and aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendants infringe one or more claims of the '109 patent.

116.    Myriad has been damaged and has suffered irreparable injury due to Defendants' acts of infringement, and Myriad will continue to suffer irreparable injury unless Defendants' acts are enjoined.

117.    Myriad has suffered and will continue to suffer substantial damage to its business, including, without limitation, lost profits, loss of business reputation, loss of business opportunities, and loss of market share, by reason of Defendants' acts of patent infringement as alleged herein, and Myriad is entitled to recover from Defendants the damages sustained as a result of Defendants' acts.

118.    On information and belief, Defendants have willfully infringed the '109 Patent.

119.    On information and belief, Defendants' acts make this an exceptional case within the meaning of 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

120.    Plaintiffs demand a trial by jury on all matters herein so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for Judgment as follows:

a.    That Defendants have infringed, contributed to the infringement of, and induced infringement of, literally and/or under the doctrine of equivalents, the asserted claims of the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents;

b.    That Defendants and their subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all other persons acting in concert or in participation with them, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter, from infringing the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents, and specifically from directly or indirectly making, using, selling, offering for sale, or importing any products or services embodying the inventions of the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents, including, without limitation, Defendants' BRCAvantage™ Comprehensive; BRCAvantage™ Ashkenazi Jewish Screen; BRCAvantage™ Single Site; BRCAvantage™ Rearrangements products, during the life of the claims of the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents without Plaintiffs' express written authority;

c.    That Plaintiffs be awarded all damages attributable to Defendants' infringement of the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents in an amount according to proof at trial, but not less than a reasonable royalty;

4819-7262-0566.4

d.      That Defendants be ordered to deliver to Plaintiffs, for destruction at Plaintiffs' option, all products that infringe the '999, '282, '441, '492, '857, '379, '721, '497, '155, '400, '698, '473, '001, and '109 patents;

e.      That Defendants be required to account for all gains, profits, advantages, and unjust enrichment derived from their violations of the law;

f.      That this case be deemed "exceptional" within the meaning of 35 U.S.C. § 285;

g.      That Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with this matter;

h.      That Plaintiffs be awarded enhanced damages and/or costs pursuant to 35 U.S.C. § 285 and/or applicable law;

i.      That Plaintiffs be awarded their costs of suit, and an assessment of interest;  and,

j.      That the Court award Plaintiffs such other, further, and different relief as the evidence may require and as the Court deems proper under the circumstances.

4819-7262-0566.4

DATED this 31st day of October, 2013.

/s/ David G. Mangum
David G. Mangum
C. Kevin Speirs
Kristine Edde Johnson
Michael R. McCarthy
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main St., Suite 1800
Salt Lake City, UT  84111-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com
*Attorneys for Plaintiffs*

Benjamin G. Jackson (admitted *pro hac vice*)
Matthew Gordon (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT  84108
Telephone: (801) 584-3600
Facsimile: (801) 584-3640
bjackson@myriad.com
mgordon@myriad.com

Jonathan E. Singer (admitted *pro hac vice*)
Fish & Richardson, P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
singer@fr.com

Elizabeth M. Flanagan (admitted *pro hac vice*)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
eflanagan@fr.com

Geoff D. Biegler (admitted *pro hac vice*)
12390 El Camino Real
San Diego, CA 92130
Biegler@fr.com
*Attorneys for Myriad Genetics, Inc.*

27

Plaintiffs' Addresses:
University of Utah Research Foundation
Technology Transfer Office
421 Wakara Way, Suite 170
Salt Lake City, UT 84108

University of Pennsylvania
Center for Technology Transfer
3160 Chestnut Street, Suite 200
Philadelphia, PA  19104-6283

HSC Research and Development Limited Partnership
555 University Avenue
Toronto, Ontario M5G 1X8
Canada

Endorecherche, Inc.
2989 De La Promenade
Ste-Foy, Quebec, QC G1W 2J5
Canada

Myriad Genetics, Inc.
320 Wakara Way
Salt Lake City, UT 84108

4819-7262-0566.4